# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THURGOOD LINEBARGER <br> 2599 Mock Road <br> Columbus, Ohio 43219 : <br> : CASE NO. 2:10-cv-176 <br> Plaintiff <br> : JUDGE <br> v. <br> : MAGISTRATE JUDGE <br> HONDA OF AMERICA MFG., INC. <br> c/o Statutory Agent Corporation <br> 52 East Gay Street : <br> Columbus, Ohio 43215 : <br> Defendant. : | |

## COMPLAINT
### (with Jury Demand)

NOW COMES Plaintiff Thurgood Linebarger hereby proffers this Complaint for damages against Defendant Honda of America Mfg., Inc.

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is an Ohio corporation with facilities in Union County, Ohio.

## JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.  Count II is brought on the same core of operative fact, and therefore subject to supplemental jurisdiction [pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Union County, Ohio, at which all of the events in question took place.

## **FACTUAL BACKGROUND**

5. Plaintiff has been employed by Defendant continuously from the year 1988.

6. In 1998, Plaintiff was diagnosed with chronic high blood pressure, an irregular heartbeat, and circulatory issues. From that time to the present, Plaintiff has been prescribed diuretic medications.

7. Treatment of Plaintiff's blood pressure, heart and circulatory problems has been paid for through Plaintiff's medical benefits provided through his employment with Defendant.

8. Through information and belief, Defendant is self-insured for its employee medical benefits plan.

9. From the time of his diagnosis in 1998 until early October of 2009, plaintiff needed extra bathroom breaks caused by the prescription diuretic medications, and Defendant accommodated Plaintiff for bathroom breaks outside of his normal break times caused by the prescription diuretic medications.

10. On November 4, 2009, Plaintiff was disciplined by Defendant for taking "excessive" bathroom breaks.

11. On December 17, 2009, Plaintiff was given a three-day suspension by Defendant for taking bathroom breaks outside of his normal break times.

12. Throughout the period from October 2009 through January of 2010, Defendant demanded, and received, updated information from Plaintiff's treating physician regarding Plaintiff's need for bathroom breaks.

13. On December 24, 2009, Plaintiff filed a Charge of Discrimination against Defendant with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity

Commission ("EEOC") based on disability discrimination regarding being disciplined in November and December by Defendant for taking bathroom breaks.

14. Defendant was on "shutdown" at the time of Plaintiff's filing of the Charge of Discrimination referred to in ¶13 above, and remained on "shutdown" until January 4, 2010.

15. On January 7, 2010, Plaintiff was suspended pending investigation and walked out of the workplace regarding his taking of bathroom breaks outside of his normal break times.

16. After putting Plaintiff off work on January 7, 2010, Defendant demanded that Plaintiff have his treating physician fill out a Certification of Health Care Provider ("CHP") form regarding Plaintiff's condition.

17. Plaintiff's treating physician filled out the CHP, which explained that Plaintiff needed intermittent Family Medical Leave Act ("FMLA") leave of ¼ hour per instance from 10-25 times per week for bathroom breaks necessitated by his diuretic medications used to treat high blood pressure and irregular heartbeat.

18. In response to the CHP form provided by Plaintiff's treating physician, Defendant, in a letter from its third-party administrator of FMLA benefits dated February 3, 2010, designated Plaintiff off on continuous FMLA leave starting on January 7, 2010.

19. Defendant employed at least 50 persons at its facility at all times during the years 2009 and/or 2010.

20. Plaintiff had worked at least 1,250 hours in the 12 months preceding any and all bathroom breaks or other eaves taken at any time in 2009 and/or 2010.

## COUNT I
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. §2601 et seq.

21. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-20 above as if fully rewritten here.

22. Plaintiff's absences (necessary bathroom breaks) discussed above were because of his own "chronic serious health condition" as that is defined under the FMLA.

23. Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading, at least in part, to Plaintiff being disciplined and eventually put off of work on unpaid leave continuously since January 7, 2010.

24. Defendant has refused to designate Plaintiff for his entitlement to intermittent FMLA leave set forth in the CHP referred to in ¶17 above, instead imposing continuous FMLA leave on Plaintiff which will exhaust Plaintiff's entitlement at a much earlier date than if intermittent leave were granted.

25. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

26. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $200,000.00.

## COUNT II
### WRONGFUL DISCHARGE IN VIOLATION OF ERISA
### 29 U.S.C. §1140

27. Plaintiffs reassert and reincorporate each and every allegation contained in ¶¶1-26 above as if fully rewritten here.

28. Defendant discriminated against Plaintiff in the manner described above due to his and extensive and expensive use of Defendant's medical benefits plan, and the expected continuation of such usage.

29. Defendants' discriminatory discharge of Plaintiff was in bad faith and in reckless disregard for Plaintiff's legal rights.

30. Defendants' violation of 29 U.S.C. §1140 entitles Plaintiff to damages in an amount to be determined by the Court including back pay and benefits, attorneys fees and costs, but in any event not less than $200,000.00, and the equitable remedy of reinstatement and/or front pay.

## COUNT III
## DISABILITY DISCRIMINATION
## OHIO REVISED CODE §4112.01 et seq.

31. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-30 above as if fully rewritten here.

32. Plaintiff is an "employee" as defined by O.R.C. §4112.01(A)(2).

33. Defendant is an "employer" as defined by O.R.C. §4112.01(A)(3).

34. Plaintiff had a "disability" as defined by O.R.C. §4112.02(A)(13).

35. Defendants discriminated against Plaintiff by failing to reasonably accommodate Plaintiff with the necessary bathroom breaks outside of his normal break times caused by treatment of Plaintiff's condition.

36. Defendant has also unlawfully discriminated against Plaintiff by putting him off of work without pay in retaliation for Plaintiff's filing of a Charge of Discrimination with the OCRC.

37. Defendant's discrimination has been in reckless disregard of Plaintiff's rights under the law.

38. Defendants' violation of O.R.C. §4112.01 et seq., pursuant to O.R.C. §4112.99, entitles Plaintiff to damages including differences in back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $500,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $200,000.00;

for Count II, monetary damages including back pay and benefits, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $200,000.00; and,

for Count III, monetary damages including back pay and benefits, compensatory and punitive damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $500,000.00.

## **JURY DEMAND**

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Law Offices of Gary A. Reeve, LLC
513 East Rich Street, Ste. 308
Columbus, Ohio 43215
(614) 808-1881