IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THURGOOD LINEBARGER,**

    **Plaintiff,**

    v.

        **Case No. 2:10-cv-176**
        **Judge George C. Smith**
        **Magistrate Judge E.A. Preston Deavers**

**HONDA OF AMERICA MFG, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery Responses from Defendant and for Sanctions (ECF No. 32), Defendant's Memorandum in Opposition (ECF No. 42) and Plaintiff's Reply (ECF No. 43). For the reasons that follow, Plaintiff's Motion is **DENIED.**

### I.

Plaintiff, Thurgood Linebarger ("Plaintiff"), filed this action against his employer, Honda of America Mfg, Inc. ("Honda"), asserting violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and Ohio Revised Code § 4112.01. The matter presently before the Court concerns Plaintiff's request to compel certain discovery pertaining to his ERISA claim. Specifically, with respect to his ERISA claim, Plaintiff alleges that the costs of his treatment for his high blood pressure and circulatory issues was a potential determining factor in Honda's

decision to put him off of work rather than accommodate him.[1]

Plaintiff, who takes prescription diuretic medication, alleges that he has been disciplined and placed on unpaid leave on account of his need to take extra bathroom breaks during his assembly-line shift work. For several years, Honda had been accommodating Plaintiff's requests to frequently leave the assembly line to urinate. (Dye Aff. ¶ 2, ECF No. 42-1.) Honda provided Plaintiff with the opportunity to take five breaks during his shift, which was an additional two periods from the three regularly-scheduled production breaks. (*Id.* at ¶ 3.) In November 2009, Plaintiff's physician sent a note to Honda indicating that Plaintiff required bathroom privileges four times per shift. (*Id.*) Ms. Steva Dye, a nurse for Honda, sought clarification because Honda had already been permitting Plaintiff five breaks per shift. (*Id.*) On January 5, 2010, Plaintiff's physician responded that "he could not determine how often [Plaintiff] would need to go to the restroom . . . ." (*Id.*, at ¶ 5.) Mr. Doug Bigler, the head of Honda's Restriction Placement Department, analyzed the physician's note and concluded that "there were no Production Associate positions at any Honda facility that would accommodate a request for limitless restroom breaks." (Bigler Aff. ¶ 2, ECF No. 42-1.) Honda consequently placed Plaintiff on a medical leave of absence. (Scott Dep. 15–16, ECF No. 42-1.) Plaintiff continues to receive his full benefits, including all health benefits, while he is on medical leave. (*Id.* at 35–36; Diley Aff. ¶ 6, ECF No. 42-1.)

---

[1]For the whole of his ERISA discrimination claim, Plaintiff alleges that (1) "[t]reatment of Plaintiff's blood pressure, heart and circulatory problems has been paid for through Plaintiff's medical benefits provided through his employment with Defendant" (Complaint ¶ 7, ECF No. 1); and (2) "Defendant discriminated against Plaintiff in the manner described above due to his and extensive and expensive use of Defendant's medical benefits plan, and the expected continuation of such usage." (*Id*. at ¶ 28.)

On April 15, 2011, counsel for Plaintiff served a Second Set of Interrogatories and Second Request for Production of Documents on counsel for Honda. (Reeve Decl. ¶ 3, ECF No. 32-1.) Plaintiff contends that the requests pertain to ERISA welfare benefit costs, the possible effect of his conditions on those costs, the relative cost of his benefits in comparison to other similarly-situated employees and communications related to benefits cost-controlling and cost-saving measures recommended and taken by Honda.

On May 18, 2011, Honda responded to Plaintiff's discovery requests and produced a number of documents, including information regarding the average cost of its employees' medical benefits. Although Honda does not maintain information related to each of its employee's health-benefit expenditures, it obtained information from its third-party administrator concerning the amount of health benefits expended on Plaintiff's behalf from 2007 to the present. (Diley Aff. ¶¶ 3–4, ECF No. 42-1.) These documents showed that the cost of Plaintiff's health benefits was lower than the average cost of all associates' benefits. (*Id.*)

Honda also objected to several of Plaintiff's requests as overly broad, irrelevant, seeking information that could be obtained in a less burdensome manner, and as inappropriate under the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(C)(iii). Honda has, however, indicated its willingness to conduct tailored electronic searches of its records to locate documents and information that relate to or specifically mention Plaintiff. Counsel attempted to resolve a dispute with respect to Document Requests Nos. 3 through 6 and 10 through 12. Having failed at reaching a compromise, Plaintiff filed the instant Motion to Compel.

## II.

Plaintiff has moved the Court for an order compelling Defendant to respond to his

discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

### III.

**A. Discovery Requests at Issue**

Plaintiff's Requests for Production of Documents Nos. 3-6 and 10-12, and Honda's objections thereto, are set forth below:

4

   3. Produce each and every document that shows or refers to any analysis of per-employee medical benefits costs for Defendant, or any division of Defendant, for any or all of the years 2007-2010.

**RESPONSE:**

Without waiving any objections, Honda will produce the Total Rewards and Financial Planning Statement sent to Plaintiff for 2008 through 2011, each of which sets forth on the page headed "My Financial Fitness Today" under "Honda's Contribution" the average medical costs for Honda associates for that given year. To the extent that this request seeks additional documents, Honda objects on the grounds that [it] is producing the documents that best provide potentially substantive responsive information without undue burden, and the request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.

   4. Produce each and every document that shows or refers to the benefits costs sustained by Defendant in regards to Plaintiff for any or all of the years 2007-2010.

**RESPONSE:**

See response to Request No. 2. [Without waiving objections, HAM states that it does not keep a file containing documents that shows or refers to benefit payments made through Honda Manufacturing Health and Welfare Benefits Plan for HAM associates to Plaintiff's health care providers or to Plaintiff. Information regarding the payment of prescription drug benefits is maintained by Caremark, LLC. Information regarding the payment of short term disability benefits to providers is maintained by Sedgwick Claims Management Service, Inc. Information regarding the payment of long term disability benefits to providers is maintained by Cigna Corp. In response to this document request, for the requested period HAM is attempting to obtain from Aetna, Inc., a summary of payments made to medical providers on behalf of Plaintiff; and from Caremark, LLC, a summary of prescription drug payments made to or on behalf of Plaintiff. HAM has obtained from Sedgwick Claims Management Service, Inc., a summary of short term disability payments made to Plaintiff, and HAM will produce such summary. HAM also received confirmation from CIGNA Corp. that it paid no long term disability benefits to Plaintiff during the requested time period. To the extent that this request seeks additional documents, HAM objects on the grounds that it is producing the documents that best provide potentially substantive responsive information without undue burden, and the request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.].

   5. Produce each and every document that shows or refers to any analysis and/or determination of the average per-employee medical benefits costs of Defendant, or any division of Defendant, for any or all of the years 2007-2010.

**RESPONSE:**
See response to Request No. 3.

    6.  Produce each and every document that shows or refers to any analysis, plans and/or ideas put forth to limit, reduce and/or slow the growth of Defendant's medical benefits costs, for any or all of the years 2005-2010.
        **RESPONSE:**
        HAM objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.

        \*                            \*                            \*

    10.  Produce each and every document that shows or refers to any internal correspondence, internal communication, or internal analysis regarding increases and/or decreases in employee benefits costs for the years 2007-2010.
**RESPONSE:**
 HAM objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.

    11.  Produce each and every document that [ ] shows or refers to any correspondence, communication, or analysis performed during the years 2007-2010 regarding the cost of Defendant's employee benefits by any third-party regarding employee benefits costs.
**RESPONSE:**
HAM objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.

    12.  Produce each and every document that shows or refers to any efforts made by Defendant to control and/or lower employee benefits costs from January 1, 2007 to the present.
**RESPONSE:**
Honda objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claims and defenses in this action.

(Reeve Decl. at Ex. A, ECF No. 32-1.)

**B. Analysis**

Plaintiff contends that the foregoing requests for production of documents satisfy Rule 26 because the "[c]ost of benefits is often the factor that is seen as causing a retaliatory discharge to occur under ERISA § 510." (Pl.'s Mot. to Compel 2, ECF No. 32.) According to Plaintiff, "[d]iscovery related to medical benefits costs . . . would likely be some of the most relevant discovery one can imagine in an ERISA discrimination case." (*Id.* at 3.) Plaintiff contends that the costs of his treatment for his high blood pressure, circulatory issues, and other conditions could have been a determining factor in Honda's decision to put him off of work. Honda counters that the requests are extremely broad and essentially seek all documents at Honda related to any efforts it has taken to reduce its employee benefits costs.[2]

In support of his position, Plaintiff cites the undersigned's decision in *Harrold v. BMW Financial Services NA, LLC*, No. 2:09-cv-1100, 2011 WL 597063 (S.D. Ohio Feb. 10, 2011). In *Harrold*, the plaintiff claimed that his use of his former employer's medical benefits was a motivating factor in the decision of the defendant to lay him off work. Plaintiff sought discovery

---

[2]The Court is not persuaded by Honda's argument that the documents Plaintiff seeks have no connection to his ERISA claim insofar has Mr. Douglas Bigler of Honda's Restriction Placement Department made the decision that the company could not reasonably accommodate Plaintiff with unlimited restroom breaks. Honda maintains that Mr. Bigler had no knowledge of the costs associated with Plaintiff's care when he made this determination. Plaintiff, however, is not obliged to accept at face value, or at least is entitled to discovery on the subjects of the proffered reasons for the adverse employment action and whether Mr. Bigler was the sole decision-maker.
   Nor does the Court place much import, as Honda suggests it should, on the fact that the company continues to pay for Plaintiff's medical benefits while he is on forced medical leave. Although Plaintiff must ultimately prove that his employer's desire to avoid benefit liability was a determining factor in the adverse employment decision, the fact that Honda *currently* pays for Plaintiff's health benefits is not dispositive. These benefits may be discontinued, and apparently will discontinue in less than a year. Additionally, Plaintiff has received no compensation from Honda during the past eighteen months.

related to the costs of defendant's ERISA benefits plan. The Court concluded that the discovery sought was relevant to plaintiff's ERISA § 510 claim and that the defendant had not demonstrated that production of the requested discovery was unduly burdensome. *Id.* at *4, 6.

The decision in *Harrold* is distinguishable from the case at bar. As Honda points out, the plaintiff in *Harrold* claimed that he was retaliated against after informing his supervisor of the costs associated with medical treatment for his HIV-positive status. In this case, however, Plaintiff's Complaint is devoid of any such facts in support of his claim. He does not, for instance, allege that he informed anyone at Honda that his medical expenses would likely increase in the future.

Furthermore, *Harrold* is distinguishable to the extent that the discovery sought there was targeted and much more reasonably tailored to the matters at issue in the case. For instance, Mr. Harrold sought discovery related to any information, including costs of renewal, that his former employer received regarding employee health insurance policies, and correspondence from insurers that *named or mentioned him*. *Harrold*, 2011 WL 597063 at *3. Here, Plaintiff seeks production of every document that refers to "plans and ideas" to slow the costs of medical benefits; every document that mentions internal analyses regarding employee benefit costs; and all documents that refer to Honda's efforts to control health benefit costs.[3]

Moreover, in *Harrold*, the Court reasoned that the defendant-employer had failed to

---

[3]The Court acknowledges the distinction between the instant matter and *Harrold* in that Honda is self-insured and that it bears the costs of an employee's benefits usage directly. The Court finds, in light of the breadth of the discovery requested here, that the distinction is one without a difference. The driving rationale behind the ultimate decision on this Motion is that the discovery sought here too attenuated to the facts as pled and overly broad for what Plaintiff needs to address his ERISA discrimination claim.

8

provide specific examples or evidence revealing the burdensome nature of the plaintiff's request and, instead, stood on the broad assertion that collecting the requested information would prove unduly oppressive. *Id*. at 6. Honda, by contrast, has offered significant evidence concerning the burden associated with searching for the requested information.[4] (*See* Def.'s Mem. in Opp. 13–15, ECF No. 42.) For these reasons, Plaintiff's Motion to Compel is **DENIED**. Plaintiff's concomitant requests for sanctions is, likewise, **DENIED**.

Nevertheless, "'district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.'" *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir.2007)). "Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles*, 474 F.3d at 305 (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)). Honda has offered to conduct electronic searches to collect benefits-related information that specifically mentions Plaintiff. The Court finds this alternative, narrowly-tailored approach more palatable in light of the facts of this case. In the Court's discretion to limit the scope of discovery, therefore, Honda shall produce to Plaintiff all records responsive to his discovery requests that specifically refer to or relate to Plaintiff or the costs of

---

[4] The Court also finds it compelling that Honda has already provided some information related to employee healthcare costs, whereas the defendant in Harrold refused to produce any discovery in response to the propounded interrogatories and requests for production of documents.

9

insuring him.

## IV.

For the reasons set forth above, Plaintiff's Motion to Compel Discovery Responses from Defendant and for Sanctions is **DENIED**.  (ECF No. 32.)

**IT IS SO ORDERED.**

Date: August 26, 2011                              /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge